IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PATRICK WAYNE McKINLEY | § | |
| v. | § | CIVIL ACTION NO. 6:07cv226 |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Patrick Wayne McKinley, proceeding *pro se*, filed this civil action, which he styled as an application for a writ *quo warranto*, complaining that he was unlawfully sentenced. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McKinley says that he was sentenced in state court on May 15, 2001, and then received a 121-month federal sentence on January 11, 2002, for the same conduct. The federal sentence was ordered to run concurrently with the state sentence.

However, McKinley says, the Federal Bureau of Prisons is refusing to start his federal sentence on May 15, 2001, and so he is not being given credit on his federal sentence between May 15, 2001, and January 11, 2002. He says that the Federal Bureau of Prisons has "modified and changed the sentence which was imposed by the court, which is an abuse of authority, and that the writ *quo warranto* is designed to prevent the exercise of authority in a manner prohibited by law.

After review of the pleadings, the Magistrate Judge issued a Report on July 5, 2007, recommending that the application be dismissed. The Magistrate Judge first observed that McKinley had not paid the filing fee assessed by the Court; however, this fee was paid on July 9, after the Report was issued, and so McKinley has not failed to prosecute his case.

1

The Magistrate Judge then went on to address the merits of the claim. The Magistrate Judge first observed that McKinley has previously sought habeas corpus relief under 28 U.S.C. §2241 on this very claim, with a petition filed in the Eastern District of Texas which was transferred to the Northern District of Texas, the district of McKinley's incarceration. The Northern District concluded that to the extent that McKinley was trying to modify his sentence, he must proceed in a Section 2255 action in the Eastern District of Texas. However, the primary thrust of McKinley's position was his claim that he was entitled to credit on his federal sentence for time spent in state custody between May 15, 2001, and January 11, 2002. This contention was squarely rejected by the Northern District, which noted that under 18 U.S.C. §3585(b), defendants shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date that the sentence commences, as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, *that has not been credited against another sentence* (emphasis added). In this case, the time which McKinley spent in confinement between May 15, 2001 and January 11, 2002, was credited against another sentence, that being his state sentence, and so he was not entitled to credit against his federal sentence for this same time. The fact that the sentences were to run concurrently does not change this result; the sentences do run concurrently, with the federal sentence beginning on the date that it was imposed, January 11, 2002. Consequently, the Northern District concluded that McKinley was not entitled to credit on his federal sentence for time spent serving his state sentence prior to imposition of his federal sentence.

In the present case, the Magistrate Judge stated that McKinley's *quo warranto* application was simply a re-casting of his habeas petition, arguing that the Federal Bureau of Prisons is without authority to calculate his sentence in the manner which they have. The Magistrate Judge observed that McKinley cannot evade the prohibition against successive habeas petitions simply by re-styling his petition as a writ *quo warranto*.

In addition, the Magistrate Judge said, the remedy of *quo warranto* belongs to the State, in its sovereign capacity, and so only the Government can bring a *quo warranto* action; neither McKinley nor any other private citizen can do so. Consequently, the Magistrate Judge recommended that McKinley's application for a writ *quo warranto* be denied.

McKinley filed objections to the Magistrate Judge's Report on July 27, 2007. After noting that he had in fact paid the filing fee, McKinley argues first that the specific issue which he presents has not been raised in any other court, which he says is the matter of the Bureau of Prisons failing to run his sentences concurrently. He says that the Northern District did not conclude that he was not entitled to credit for the time between May 15, 2001, and January 11, 2002; instead, he says, the Northern District stated that it was undisputed that the sentences were intended to run concurrently, and that this matter must be addressed in the Eastern District of Texas.

McKinley argues that the Bureau of Prisons is "modifying" the Court's sentence, which he says violates the Constitution's grant of authority to the Executive Branch. He says that the State has an obligation to prosecute the *quo warranto* proceeding based on the unconstitutional exercising of sentencing power by the Bureau; thus, he contends that he is entitled to file this matter on behalf of the State, and suggests that the Court could have re-styled the petition to reflect that the State is the proper party-petitioner.

Next, McKinley argues that his claim is not properly brought under Section 2255, because he is not challenging the sentence itself, or anything happening at or prior to sentencing, but rather what has happened after he was sentenced, this being the "modification" of his sentence by the Bureau of Prisons. He says that the Respondent has exercised unlawful authority to change the execution of his sentence and asks that the Court remedy this situation by awarding him the right-month differential in his sentence as computed and his sentence as he says that the Court intended it to be.

Contrary to McKinley's representation, the Northern District specifically stated as follows:

> Section 3585(b) specifically excludes from the calculation time that has been 'credited against another sentence.' In this case, petitioner commenced his state sentence on May 15, 2001, and received credit to that sentence for all time served from that date through the date his federal sentence commenced on January 11, 2002. Because the BOP has given petitioner credit for two days in 2000 and one day in 2001 that were not credited to petitioner's state sentence, which commenced on May 15, 2001, the Court can find no violation of §3585(b) even assuming that [Reno v. Koray, 515 U.S. 50, 55 {1995)]'s definition of 'official detention' does not dictate an outcome in this case.

In other words, the Northern District concluded that because McKinley received credit on his state sentence for the time spent between May 15, 2001, and January 11, 2002, in state custody, he was not entitled to credit on his federal sentence for this same time. His federal sentence commenced on January 11, 2002, and thereafter ran concurrently with his state sentence, which had been imposed on May 15, 2001, but he was not entitled to have his federal sentence reach back prior to the date of its imposition and begin to run when his state sentence commenced.

Because McKinley has not shown that he was entitled to credit for the time between May 15, 2001, and January 11, 2002, he has failed to show that the Bureau of Prisons improperly modified or wrongly computed his sentence. The fact that he is not getting credit for this time on his federal sentence does not show that his sentence is not being treated as concurrent; rather, it simply reflects the fact that his federal sentence commenced on January 11, 2002, and he is not entitled to credit for time before this date because that time was credited to another sentence.

In addition, the Magistrate Judge correctly concluded that McKinley could not bring an action *quo warranto* because this power is reserved to the Government. Superior Oil Co. v. City of Port Arthur, 726 F.2d 203, 205 n.1 (5th Cir. 1984). The Magistrate Judge also cited a decision from the Sixth Circuit holding that *quo warranto* is available only to test an individual's right to hold an office or position, and cannot be used to test the legality of the official actions of public or corporate officials. Smith v. Dearborn Financial Services, Inc., 982 F.2d 976, 981 (6th Cir. 1993). McKinley's creative objection that the Court should have re-styled his petition to reflect that the State was the true party in interest is unavailing; he is attempting to use a *quo warranto* proceeding to test the legality of the official actions of the Bureau of Prison, which he cannot do, nor has he

shown that these actions were improper because he has neither shown that his sentence is being improperly computed not that he is entitled to credit for the time period between May 15, 2001, and January 11, 2002. McKinley's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original application for *quo warranto* relief, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court, with the understanding that the Petitioner did pay the filing fee and therefore did not fail to prosecute his case. It is further

ORDERED that the above-styled application for a writ *quo warranto* be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 29th day of August, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**